UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                   Cr. Case No. 07-20454

v.                                                          Honorable Sean F. Cox
                                                           United States District Court

ALEXANDRA LEE NORWOOD,

    Defendant.

_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

    Defendant Alexandra Lee Norwood ("Norwood") is charged with one count of being a felon in possession of a firearm and one count of possession of a sawed-off shotgun. Before the Court is Norwood's Motion to Suppress Evidence [Document No. 30], filed on June 4, 2008, with supplemental briefing filed on August 11, 2008. An evidentiary hearing was held on September 23, 2008 and continued on October 24, 2008. At the hearing, the parties presented witness testimony and gave oral arguments. The parties then filed supplemental briefs. For the reasons below, the Court will **GRANT** the Motion to Suppress Evidence.

## **FINDINGS OF FACT**

    On the morning of August 11, 2007, the Flint Area Narcotics Group ("FANG") received an anonymous tip that Norwood was selling drugs in the area of the apartment complex at 1819 Bagwell in Flint, Michigan ("the Apartment Complex"). FANG officers were familiar with

1

Norwood because of prior contact on narcotics-related arrests, and they also knew that Norwood had outstanding bench warrants for his arrest. These facts led FANG officers to set up surveillance outside the Apartment Complex to look for Norwood.

When FANG officers located Norwood, they arrested him on his outstanding bench warrants, and inquired as to his place of residence. The manager of the Apartment Complex, Alexander Cook ("Cook"), approached as FANG officers were arresting Norwood. Cook told FANG officers that he was familiar with Norwood, and that Norwood was routinely was seen at Apartment #13. Invited inside by Cook, FANG officers Scott Watson ("Watson") and Steve Colosky ("Colosky") entered into the unlocked common area of the Apartment Complex, and approached Apartment #13.

Cook, Watson and Colosky found the door to Apartment #13 slightly ajar, with Cook testifying that the door was approximately one foot open. A table was partially in view inside Apartment #13, and though Watson and Colosky testified they could see marijuana on the table, the credible testimony of Cook revealed that nothing was viewable on the table from the vantage point of Cook, Watson and Colosky, nor was any noise inside the apartment audible to Cook, Watson and Colosky[1]. FANG officers entered the apartment by pushing open the door, finding firearms and marijuana once inside. The officers briefly detained and questioned two individuals inside, engaged in a protective sweep of the apartment, and waited for a search warrant to be secured. The affidavit for search warrant, signed by Officer Watson, included allegations that the

---

[1] Although the Government has not asserted that exigent circumstances existed to justify the warrantless entry, the Court notes that officers Watson and Colosky testified that, from their position in the hallway, they could hear voices inside the apartment and that they were concerned about what those individuals might be doing. The Court, however, fully credits Mr. Cook's testimony that no voices were audible while Cook, Colosky and Watson were in the hallway.

door was open when the officers arrived, and that marijuana was in plain view on the table as seen through the open door to Apartment #13.

## ANALYSIS

"[I]n seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir.2003). "The standard of review for determining the sufficiency of the affidavit is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *Id*. Here, Defendant argues that statements by Officer Watson in the affidavit, indicating that the door to Apartment #13 was open and that contraband was in plain view, were falsehoods.

In determining whether to suppress evidence based on an allegation that an affidavit contains false statements, the Court applies a multi-part test. First, the Court must determine whether the defendant has proven by a preponderance of the evidence that the affidavit contains deliberately or recklessly false statements. *United States v. Charles*, 138 F.3d 257, 263 (6th Cir.1998)(citing *Franks v. Delaware*, 438 U.S. 154 (1978)). Second, if the Court finds such false statements, the Court must determine whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant. *Id*.

**I. The Affidavit Contained Deliberately or Recklessly False Statements**.

Defendant argues Officer Watson included deliberate or reckless falsehoods in his affidavit. Specifically, statements in the warrant's affidavit indicating that the door to Apartment

#13 was open, and that marijuana was in plain view are disputed as deliberate or reckless falsehoods. As stated *supra*, this Court, under the required preponderance standard, finds the credible testimony to show that the front door to Apartment #13 was slightly ajar when Mr. Cook and the FANG officers arrived, but that no contraband was in plain view from their vantage point in the hallway.

"Searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980). However, an exception to that presumption of unreasonableness exists which is commonly referred to as the "plain view" exception, and applies when (1) the officer did not violate the Fourth Amendment in arriving at the place where the evidence could be plainly viewed; (2) the item is in plain view; and (3) the incriminating character of the evidence is immediately apparent. *Horton v. California*, 496 U.S. 128, 136 (1990).

FANG officers' entrance in to Apartment #13 without a warrant was premised upon their allegations that contraband was in plain view from their vantage point in the hallway. Here, while FANG officers were lawfully in the hallway outside Apartment #13, the Court finds that they could not see any contraband inside the apartment from their vantage point. For this reason, the plain-view exception to the warrant requirement does not apply in this case. There being no other proffered reason for a warrantless search of Apartment #13, this Court finds all evidence found within the apartment, later used in the affidavit to support the issuance of a probable cause search warrant, as the fruits of an unconstitutional search. This Court concludes that, based upon the credible testimony of Mr. Cook, the affidavit contained deliberately or recklessly false statements regarding what was viewed by Officers Watson and Colosky as they stood in the

hallway and looked into Apartment #13.

**II. The Search Warrant, Without the False Statements, Was Not Supported by Probable Cause.**

Defense Counsel argues that deliberate falsehoods by FANG officers in the sworn affidavit to search Apartment #13 regarding the status of the door and marijuana being in plain view render the resulting search warrant defective. As discussed *supra*, the Court finds, for purposes of this evidentiary hearing under the required preponderance standard, that the credible evidence shows the door to Apartment #13 was slightly ajar when FANG officers approached it, but that no contraband inside the apartment was in plain view.

In determining whether probable cause existed for the securing of a search warrant, this Court is required to excise any tainted averments in the affidavit presented to the magistrate who issued the probable cause warrant. *United States v. Shamaeizadeh*, 80 F.3d 1131, 1135-36 (6th Cir.1996). Absent the contraband alleged to have been in plain view of the FANG officers upon approaching the door to Apartment #13, there is no evidence to support the issuance of a probable cause warrant by a neutral and detached magistrate. For this reason, the warrant secured to search Apartment #13 was without probable cause, and therefore invalid.

**III. The *Leon* Good-Faith Exception Does Not Apply in this Case.**

The Government argues that the Supreme Court's holding in *United States v. Leon*, 469 U.S. 897 (1984), would allow FANG officers to reasonably rely on the warrant which, as this

5

Court has held, did not have probable cause to be issued. In *United States v. Leon*, the Supreme Court modified the exclusionary rule to permit the introduction of evidence seized in good-faith reliance upon an issued search warrant later found unsupported by probable cause. *Leon*, 469 U.S. at 922. The Court in *Leon* stated, however, that where the magistrate was misled by information the affiant knew was false, the good-faith exception to the exclusionary rule would not apply. *Id* at 922-23. This is exactly what happened in the instant case. As the contraband inside Apartment #13 was not in plain view when Officers Watson and Colosky approached the door, Officer Watson would have known such information within his affidavit to the contrary was untrue. For this reason, the good-faith exception to the exclusionary rule is inapplicable in this case.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion to Suppress Evidence [Docket No. 30] is **GRANTED**.

**IT IS SO ORDERED**.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: December 19, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2008, by electronic and/or ordinary mail.

        s/Jennifer Hernandez
        Case Manager