UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  

        Plaintiff,

v.

D1 ALEXANDRA LEE NORWOOD,

        Defendant.
_____/

Case No. 07-20454

HONORABLE SEAN F. COX
United States District Judge

ORDER GRANTING GOVERNMENT'S MOTION TO RECONSIDER

On September 12, 2007, Defendant Alexandra Lee Norwood ("Norwood") was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of possession of a sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). The case was originally assigned to Judge Paul V. Gadola. Norwood was originally represented by Defense Counsel Kenneth M. Scott. Judge Gadola allowed Mr. Scott to withdraw as Defense Counsel for Norwood on December 18, 2007. Norwood's current Defense Counsel, Mr. Kenneth Karasick, filed his appearance on behalf of Norwood on January 2, 2008.

Although he was represented by Mr. Karasick at the time, on March 18, 2008 Norwood filed two *pro se* motions: 1) a Motion to Dismiss Complaint; and 2) a Motion to Suppress the Affidavit [Doc. Nos. 20 & 21]. On March 20, 2008, Judge Gadola denied both *pro se* motions filed by Norwood, finding that Norwood was seeking to proceed in a "hybrid" manner proscribed by the Supreme Court in *McKassle v. Wiggins*, 465 U.S. 168, 183 (1984).

1

The case was reassigned to this Court on May 23, 2008 pursuant to Administrative Order 08-AO-023 [Doc. No. 29].

On June 4, 2008, Norwood, acting through Defense Counsel, filed a Motion to Suppress Evidence [Doc. No. 30]. This motion has been presented to the Court by counsel in a confusing and contradictory manner. Defense Counsel, as well as the Assistant United States Attorney in charge of the case, have each failed to attend hearings, leading to further delay and additional confusion in presenting the issues involved in Norwood's Motion to Suppress.[1]

- In Norwood's Motion to Suppress [Doc. No. 30], Norwood, through Attorney Kenneth Karasick, argued that the police officers who stopped Norwood outside of the apartment complex took his keys and went past the security door of his apartment building and tried several different keys until one unlocked his apartment. Defendant argued that the affidavit supporting the search warrant was knowingly false.

- The Government, through Assistant United States Attorney ("AUSA") Nancy Abraham, filed its response brief on June 26, 2008 [Doc. No. 33], in which it argued the officers were allowed access to the apartment complex's common areas by the apartment manager, and that "officers observed that the door to apartment #13 was ajar. In plain view on a table inside apartment #13 was a quantity of marijuana." *Id.* at 2.

- The Court scheduled a hearing on Norwood's motion for July 25, 2008. At that hearing, based upon the briefs, the Court expected to hear testimony on whether the officers entered the apartment complex without consent, and whether they used keys found on Norwood to open the door to his apartment. Norwood's family appeared and brought a previously undisclosed witness who was allegedly prepared to testify that the door to the apartment was not open when officers originally entered on August 11, 2007. Because Defense Counsel Kenneth Karasick failed to attend, the hearing did not proceed and was adjourned until August 1, 2008.

- At the August 1, 2008 hearing, Defense Counsel Kenneth Karasick appeared, but without the witness who had appeared for the July 25, 2008 hearing. Mr. Karasick also appeared without an affidavit as to the witness's intended

---

[1] *See* Transcript of August 1, 2008 Hearing; Transcript of October 24, 2008 Hearing.

      testimony, which was necessary to warrant a *Franks* hearing.[2]  The Court set yet another evidentiary hearing on the matter for September 23, 2008.

- Also at the August 1, 2008 hearing, Defense Counsel changed the direction of his argument, arguing that the officers did not have probable cause to believe Norwood was selling drugs and should not have entered the apartment complex. Further, Defense Counsel argued that since Norwood was arrested on a probation violation, there was no probable cause to enter and search both the apartment complex and his apartment.  Because Norwood had not raised these issues previously, the Court ordered supplemental briefing [Doc. No. 34].

- At the September 23, 2008 hearing, based upon the prior arguments and briefing, the Court expected to hear testimony on whether the police had probable cause to arrest Norwood on suspicion of drug activity, and whether the police had probable cause to search the apartment complex.  Instead, Defense Counsel Kenneth Karasick brought forth no evidence on these issues, and the focus of Mr. Karasick's argument shifted to whether the marijuana in Norwood's apartment was in plain view. Officer Scott Watson and Officer Steve Colosky testified that the door to the apartment was open, and Ricardo Yearby, a witness for Norwood, testified that the door was closed.[3]  Watson and Colosky also testified that they had been let into the apartment complex common area by the apartment manager, Alexander Cook, but that they did not know how to get in touch with Mr. Cook.

- Also at the September 23, 2008 hearing, Defense Counsel Kenneth Karasick made a legal argument not contained in any of his previous briefs.  For the first time, Mr. Karasick argued that the apartment manager was acting as an agent of the police when he allowed them to enter the apartment complex and led the officers to Norwood's apartment, citing *United States v. Hardin*, 539 F.3d 404 (6th Cir.2008).

---

[2]  "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof...*Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.*"  *Franks v. Delaware*, 438 U.S. 154, 171 (1978)(emphasis added).  Defense Counsel attached an affidavit signed by Mr. Ricardo Yearby in his supplemental brief filed in response to the Court's August 1, 2008 Order [Doc. No. 34].

[3] In his affidavit [Doc. No. 34, Ex. 1], Mr. Yearby stated that he witnessed a plain-clothes officer, using a key on a string, open the door to the apartment.  At the hearing, however, Yearby testified that he was inside the apartment when the officers entered, and that the door had been closed.  Also at the hearing, Yearby did not remember seeing anything like a key being used to open the door.

- The Government, through AUSA Nancy Abraham, filed a Motion to Supplement the Record on September 26, 2008 [Doc. No. 38], stating that the police officers had now located Mr. Cook the day after the September 23, 2008 hearing. In the attached affidavit, Mr. Cook claimed he was with the officers when they approached the door to Norwood's apartment, and that the door to the apartment was open when they arrived. *See* Affidavit of Alexander Cook [Doc. No. 39, ¶4]. The Court granted the Government's unopposed motion and scheduled another hearing for October 24, 2008, to allow the Government to present Cook's testimony regarding the status of the door.

- At the October 24, 2008 hearing, based upon the prior argument and briefing, the Court expected to hear testimony from Mr. Cook that the door to Norwood's apartment was open when the officers arrived. Cook did in fact testify that the door to apartment #13 was ajar when he and the officers approached on August 11, 2007, but he further testified that no marijuana was in plain view from where Cook and the officers stood outside the apartment. (*See* Tr. of Oct. 24, 2008 Hrg., p.7, line 21 - p.8, line 21). Notably, AUSA Nancy Abraham, who had requested the hearing, did not attend. The AUSA who appeared on behalf of the Government was in a difficult position, not being aware of the confusing procedural course of the motion's history, stating that she was not familiar enough with the file to make arguments about the events and testimony from prior hearings on the motion. Had the Government requested additional time to present additional testimony or exhibits, that request would have been granted. No such request, however, was made.

- On December 19, 2008, the Court granted Defendant's Motion to Suppress Evidence [Doc. No. 47]. In doing so, the Court credited the testimony of Mr. Cook that the door to apartment #13 was ajar when he and the officers approached it on August 11, 2007, but that no marijuana was in plain view from their vantage point outside the apartment.

- On January 7, 2009, the Government filed its Motion for Rehearing and Reconsideration [Doc. No. 49]. In that motion the Government argues the Court based its opinion and order on the Motion to Suppress on arguments not made by Defense Counsel. In addition, the Government brings forth both new evidence from witnesses who testified at the previous hearings, as well as evidence from entirely new witnesses, which the Government claims would refute the testimony of Mr. Cook, and which would result in a different disposition of the Motion to Suppress. The Defendant opposes the Government's Motion.

Under Local Rule 7.1(g)(1), Motions for Rehearing or Reconsideration "must be filed within 10 days after entry of the judgment or order." From the Court's review, even excluding

4

weekends and federal holidays, the Government's motion is not timely.  However, the Court notes that the Government's deviation from the Local Rules in this case is so slight and unimportant that the sensible treatment is to overlook the Government's tardiness.  *See Professional Programs Group v. Dep't of Commerce*, 29 F.3d 1349 (9th Cir.1994).  District Courts are also provided considerable discretion in applying their own local rules.  *See, e.g., Vittoria N.A., LLC. v. Euro-Asia Imports, Inc.*, 278 F.3d 1076 (10th Cir.2001); *In re General Am. Life Ins. Co. Sales Practices Litigation*, 268 F.3d 627 (8th Cir.2001).  The Court will suspend Local Rule 7.1(g)(1)'s ten day requirement for purposes of this motion.

As stated above, this motion has had a long, contradictory and confusing procedural history.  The legal issues raised by the parties over the course of the motion have changed multiple times.  Due to the actions of both parties throughout the life of this motion, the Court finds that the administration of justice will be served by vacating the Court's order and allowing the parties to complete the record.  Therefore, the Court **GRANTS** the Government's Motion to Reconsider and for Rehearing [Doc. No. 49], and **VACATES** its previous opinion and order [Doc. No. 47] granting the Motion to Suppress.

The Court further **ORDERS** that a final hearing on Defendant's Motion to Suppress will be held on **Friday, February 27, 2009 at 9:30 am**.  Defense Counsel Kenneth Karasick and AUSA Nancy Abraham **MUST** attend the hearing.  In advance of the February 27, 2009 hearing, Defense Counsel Kenneth Karasick and AUSA Nancy Abraham are each directed to provide a list of all witness they intend to call, as well as a clear, concise brief containing the legal arguments upon which each will rely regarding the Motion to Suppress.  Each party must file their brief and witness list no later than **Friday, February 20, 2009**.

**IT IS SO ORDERED**.

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: February 12, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2009, by electronic and/or ordinary mail.

> s/Jennifer Hernandez
> Case Manager