UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRA NORWOOD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Criminal Case No. 07-20454
Civil Case No. 10-11977

HON. SEAN F. COX
United States District Judge

## OPINION & ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S MOTION TO VACATE SENTENCE [Doc. No. 73]

On October 16, 2007, a two-count indictment was returned against Petitioner charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). [See Doc. No. 3]. Petitioner pleaded guilty to count two of the indictment on March 20, 2009, pursuant to the terms of a Rule 11 Plea Agreement [Doc. No. 63]. The Court accepted Petitioner's guilty plea, and the Rule 11 Plea Agreement was taken under advisement. [Tr. of March 20, 2009 Hrng., Doc. No. 67, pp.21-22]. The Court then imposed a sentence of 105 months imprisonment.

The matter is currently before the Court on Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence by Defendant Pursuant to 28 U.S.C. § 2255" [Doc. No. 69]. In this motion, Petitioner argues that his defense counsel denied him effective assistance of counsel as required by the Sixth Amendment - due to defense counsel's alleged failure to raise a sentencing guideline dispute at the July 17, 2009 sentencing hearing.

On August 17, 2010, Respondent filed a motion to dismiss Petitioner's motion to vacate

1

sentence [Doc. No. 73], arguing that Petitioner had waived his right to contest these issues in his Rule 11 Plea Agreement. For the reasons that follow, the Court agrees, and will therefore **GRANT** Respondent's motion to dismiss [Doc. No. 73].

## STANDARD OF REVIEW

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides as follows, in pertinent part:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

## ANALYSIS

Petitioner's motion, brought pursuant to § 2255, argues that he received ineffective

assistance of counsel at his July 17, 2009 sentencing hearing. Specifically, Petitioner objected to the inclusion of a four-level increase in his sentencing guidelines pursuant to USSG § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. Petitioner's motion to vacate sentence elaborates as follows:

> In this instant case, two bags of marijuana weighing approximately 22 grams each were discovered by authorities, a crime that is a misdemeanor in the state of Michigan as well as the federal government. The PSR presumes that the marijuana that was discovered could only be for distribution purposes, which also happens to be the only way that it could be elevated to a felony offense.
> *****
> Counsel chose not to even put up a fight. 22 grams is not an amount that is generally sold in that quantity. 28 grams is an ounce. If there were multiple bags weighing 28 grams a piece, the enhancement would be appropriate. . . More reasonable is the notion that all three men [found in the apartment] which included the Petitioner chipped in to purchase two ounces of marijuana for personal use which is evidenced by the missing six grams from each bag.

[Petitioner's Br., Doc. No. 69, pp.5, 7 (internal citations omitted)].

The Court disagrees. At the outset, the Court disagrees with Petitioner's argument that defense counsel "chose not to even put up a fight." *Id*. at 7. Rather, the transcript of Petitioner's July 17, 2009 sentencing hearing clearly shows that defense counsel raised his client's objection to the 2K2.1(b)(6) enhancement - he simply acknowledged that the enhancement had already been agreed to by Petitioner in signing his Rule 11 Plea Agreement. [*See* Tr. of July 17, 2009 Hrng., Doc. No. 67, pp.3-9].

Petitioner's Rule 11 Plea Agreement provided that there were no guideline disputes between the parties. [Doc. No. 63, p.2]. Included in that agreement, signed by Petitioner, is the fact that the firearm was possessed in connection with another felony offense. *Id*. Page nine of the Rule 11 Plea Agreement also includes the following affirmation:

> By signing below, defendant acknowledges that he/she has read (or been read)

3

> this entire document, understands it, and agrees to its terms. He/She also acknowledges that he/she is satisfied with his/her attorney's advice and representation. Defendant agrees that he/she has had a full and complete opportunity to confer with his/her lawyer, and has had all of his/her questions answered by his/her lawyer.

*Id*. at 9. Immediately below this affirmation appears the signatures of both Petitioner and his attorney. *Id*.

Further, paragraph seven of the Rule 11 Plea Agreement includes an express waiver provision, which states as follows, in pertinent part:

> If the sentence imposed falls within the guideline range in Paragraph 2B, above, defendant waives any right to appeal his conviction.
> \*\*\*\*\*
> Defendant understands that defendants generally have the right collaterally to attack their convictions and sentences by post-conviction motions, petitions, or independent civil action. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including - but not limited to - any proceeding under 28 U.S.C. § 2255.

*Id*. at pp.6-7 (emphasis in original). This waiver provision was patterned after, and similar to that approved and upheld, by the Sixth Circuit in *Davila v. United States*, 258 F.3d 448 (6th Cir. 2001).

At the March 20, 2009 plea hearing, Petitioner was placed under oath and acknowledged that he had reviewed all the provisions of the Rule 11 Plea Agreement with his attorney, and that he was satisfied with his attorney's advice and representation. Petitioner also testified that there was nothing within the plea agreement that he did not understand. He also confirmed that he had discussed with his attorney how the sentencing guidelines might apply to his case. Worksheet A to the Rule 11 Plea Agreement expressly contained a notation that the 2K2.1(b)(6) enhancement would apply to the Petitioner in this matter. At the plea hearing, the Court read the waiver of

appeal and post-conviction rights language quoted *supra* to the Petitioner, and Petitioner acknowledged that he understood the provisions. After finding a factual basis in support of the plea, the Court then accepted the Rule 11 Plea Agreement.

In its motion to dismiss [Doc. No. 73], the Government argues that "[a]s [Petitioner's] motion deals with issues that he knowingly and voluntarily waived, rather than the validity of his guilty plea and waiver itself, it should be dismissed[.]" [Doc. No. 73, pp.7-8]. The Court agrees, and holds that Petitioner knowingly and voluntarily waived his right to contest these issues by signing the Rule 11 Plea Agreement in this matter. Petitioner's arguments to the contrary are without merit.

CONCLUSION

For the reasons explained *supra*, the Court **GRANTS** the Government's motion to dismiss [Doc. No. 73], and **DISMISSES** Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence By Defendant Pursuant to 28 U.S.C. § 2255" [Doc. No. 69].

**IT IS SO ORDERED.**

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: September 30, 2010

I hereby certify that on September 30, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Alexandra Norwood via First Class Mail at the address below:

Alexandra Lee Norwood #41748-039
FCI Elkton
P. O. Box 10
Lisbon, OH 44432                S/Jennifer Hernandez
                                Case Manager